FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ OCT 1 2 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

U.S. COMMODITY FUTURES TRADING
COMMISSION,

                               Plaintiff,

                            -against-

THE YORKSHIRE GROUP, INC. and
SCOTT PLATTO,

                             Defendants.
------------------------------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

13-CV-5323 (AMD) (ST)

**Ann M. Donnelly, United States District Judge:**

    The plaintiff, U.S. Commodity Futures Trading Commission, brought this action against defendants the Yorkshire Group, Inc. and Scott Plato on September 25, 2013, alleging violations of the Commodity Exchange Act, 7 U.S.C. § 1 *et seq*. In a Report and Recommendation issued on August 19, 2016, Magistrate Judge Stephen Tiscione recommended that the plaintiff's motion for default judgment against defendants the Yorkshire Group, Inc. and Scott Plato be granted, that a permanent injunction be issued, and that disgorgement and a civil penalty be imposed. No party has objected to Judge Tiscione's Report and Recommendation within the time prescribed by 28 U.S.C. §636(b)(1).

    In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where, as here, no party has objected to the magistrate judge's recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985)).

This Court has reviewed Judge Tiscione's thorough and well-reasoned opinion, and finds no error. Accordingly, the plaintiff's motion for default judgment is granted, and it is hereby ORDERED that:

**A.  Permanent Injunction**

1. Based upon and in connection with the foregoing conduct, pursuant to 7 U.S.C. § 13a-1, Defendants are permanently restrained, enjoined, and prohibited from directly or indirectly offering to enter into, entering into, executing, confirming the execution of, or conducting an office in the United States for the purpose of soliciting, or accepting orders for, or otherwise dealing in retail commodity transactions in violation of 7 U.S.C. § 6(a).

2. Defendants are also permanently restrained, enjoined, and prohibited from directly or indirectly: (1) trading on or subject to the rules of any registered entity (as defined in 7 U.S.C. § 1a(40)); (2) entering into any transactions involving commodity interests (as defined in 17 C.F.R. § 1.3(yy)) for their own personal account or for any account in which they have a direct or indirect interest; (3) having any commodity interests traded on their behalf; (4) controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests; (5) soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests; (6) applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided in 17

C.F.R. § 4.14(a)(9); and/or (7) acting as a principal (as defined in 17 C.F.R. § 3.1(a)), agent, or any other officer or employee of any person (as defined in 7 U.S.C. § 1a(38)) registered, exempted from registration, or required to be registered with the CFTC except as provided in 17 C.F.R. § 4.14(a)(9).

**B.    Disgorgement**

3. Yorkshire and Mr. Platto shall pay, jointly and severally, disgorgement in the amount of $29,801.64, plus post-judgment interest, within ten (10) days of the date of the entry of this Order (the "Disgorgement Obligation"). Post-judgment interest shall accrue on the Disgorgement Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

4. To effect payment of the Disgorgement Obligation and the distribution of any disgorgement payments to Defendants' customers, the Court appoints the National Futures Association (the "NFA") as Monitor (the "Monitor"). The Monitor shall collect disgorgement payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from the NFA's appointment as Monitor, other than actions involving fraud.

5. Defendants shall make Disgorgement Obligation payments under this Order to the Monitor in the name "The Yorkshire Group, Inc. and Scott Platto – DISGORGEMENT Fund," and shall send such Disgorgement Obligation

payments by electronic funds transfer or by U.S. postal money order, certified check, bank cashier's check, or bank money order to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover letter that identifies the paying Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street NW, Washington, District of Columbia 20581.

6. The Monitor shall oversee the Disgorgement Obligation and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to Defendants' customers identified by the CFTC or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of Disgorgement Obligation payments to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible customers is impractical, the Monitor may, in its discretion, treat such disgorgement payments as civil monetary penalty payments, which the Monitor shall forward to the CFTC following the instructions for civil monetary penalty payments set forth in Section C, below.

7. Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' customers to whom the Monitor, in its sole discretion, may

determine to include in any plan for distribution of any Disgorgement Obligation payments. Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment, or other financial institution, wherever located, in order to make partial or total payment toward the Disgorgement Obligation.

8. The Monitor shall provide the CFTC at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' customers during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street NW, Washington, District of Columbia 20581.

9. The amounts payable to each customer shall not limit the ability of any customer to prove that a greater amount is owed by Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law.

10. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each customer of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order, to obtain satisfaction of any portion of the disgorgement that has not been paid by Defendants, to ensure continued compliance with any provision of this Order, and to hold Defendants in contempt for any violation of any provision of this Order.

11. To the extent that any funds accrue to the U.S. Treasury for the satisfaction of Defendants' Disgorgement Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

C. **Civil Monetary Penalty**

12. Pursuant to 7 U.S.C. § 13a-1(d)(1)(A), Yorkshire and Mr. Platto shall, jointly and severally, pay a civil monetary penalty in the amount of $1,540,000.00 (which is $140,000 multiplied by the number of Defendants' retail customers (11)), within ten (10) days of the date of the entry of this Order (the "CMP Obligation"). If the CMP Obligation is not paid in full within ten (10) days of the date of entry of this Order, then post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961. Defendants shall pay their CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

Commodity Futures Trading Commission
Division of Enforcement
ATTN: Accounts Receivables
DOT/FAA/MMAC/AMZ-341
CFTC/CPSC/SEC
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
Telephone: (405) 954-7262
nikki.gibson@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact Nikki Gibson or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street NW, Washington, District of Columbia 20581.

D. **Provision Related to Monetary Sanctions**

13. <u>Partial Satisfaction</u>: Acceptance by the CFTC or the Monitor of any partial payment of Defendants' Disgorgement Obligation or CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Order or a waiver of the CFTC's right to seek to compel payment of any remaining balance.

E. **Miscellaneous Provisions**

14. <u>Injunctive and Equitable Relief Provisions</u>: The injunctive and equitable relief provisions of this Order shall be binding upon Defendants, upon any person under the authority or control of any of the Defendants, and upon any person who receives actual notice of this Order, by personal service, email, facsimile, or otherwise insofar as he or she is acting in active concert or participation with Defendants.

15. Notice: All notices required to be given by any provision in this Order shall be sent via certified mail, return receipt requested, as follows:

   Notice to CFTC:
   Manal M. Sultan
   Deputy Director
   Division of Enforcement
   Commodity Futures Trading Commission
   140 Broadway, 19th Floor
   New York, New York 10005

   Notice to Monitor:
   Daniel Driscoll
   Executive Vice President, COO
   National Futures Association
   300 South Riverside Plaza, Suite 1800
   Chicago, Illinois 60606-3447

   All such notices to the CFTC or to the Monitor shall reference the name and docket number of this action.

16. Change of Address/Phone: Until such time as Defendants satisfy in full their Disgorgement Obligation and CMP Obligation as set forth in this Order, Defendants shall provide written notice to the CFTC via certified mail of any change to their telephone number and mailing address within ten (10) calendar days of the change.

17. Invalidation: If any provision of this Order or if the application of any provision or circumstance is held invalid, then the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

18. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Order and for all other purposes

related to this action, including any motion by Defendants to modify, or for relief from, the terms of this Order.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

                s/Ann M. Donnelly
                _____
                Ann M. Donnelly
                United States District Judge

Dated: Brooklyn, New York
    October 12, 2016